**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JERMAINE GREENE, )  )  Plaintiff, )  vs. )  )  CHARLES LOCKETT, et al., )  )  Defendants. | 2:13-CV-009-WTL-MJD |

**Entry Dismissing Insufficient Claims**
**and Directing Further Proceedings**

Jermaine Greene was formerly confined at the Federal Correctional Complex in Terre Haute, Indiana (FCC-Terre Haute). Greene seeks damages and injunctive relief. and asserts pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), that his Eighth Amendment right to constitutionally adequate medical care was violated while he was confined at that institution. His specific claim is that on November 8, 2010, he broke his left arm and that this injury went untreated until he was finally approved (months later) to see a specialist, at which time he was immediately transferred to another federal prison in West Virginia.

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      Because the plaintiff is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

2. To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Pro se complaints such as that filed by Greene are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

3. Applying the foregoing standards, and noting the nature and scope of a *Bivens* claim, certain claims must be dismissed as legally insufficient:

    a. A *Bivens* action is necessarily brought against individuals in their individual capacity only. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994). Accordingly, claims against the defendants in their official capacities are dismissed.

    b. Claims against Warden Charles Lockett are dismissed because this defendant is not alleged to have had personal involvement in the treatment of Greene's broken arm. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)(because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

    c. Claims against (1) Nurse Practioner Klink, (2) LPN McKillop, and (3) EMT Drummy, Emergency Medical Technician (EMT) are dismissed as legally insufficient. These defendants are described as the first responders who had contact with Greene after he broke his arm. These defendants are alleged to have provided inadequate medical treatment. There is no allegation that these first responders delayed Greene's treatment or that they could or should have done more to treat him.

    d. Greene is no longer confined in the Terre Haute facility or elsewhere in the State of Indiana. The defendants no longer direct or control any aspect of

Greene's medical care or access to medical care. Greene's claim for injunctive relief is therefore dismissed as moot. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

4. No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

5. Claims against Dr. Wilson and Physician Assistant McDonald pursuant to the theory recognized in *Bivens* will proceed. The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(2) to issue process to defendants 1) Dr. Wilson, and 2) Physician Assistant McDonald. Process shall consist of a summons. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States. **Personal service is required.**

**IT IS SO ORDERED.**

Date: 02/13/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

JERMAINE GREENE
Reg. No. 15636-171
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804