# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JERMAINE GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 2:13-cv-009-WTL-MJD |
| | ) | |
| DR. WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment
and Directing Issuance of Final Judgment**

For the reasons explained in this Entry, the motion for summary must be granted.

**Background**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Michigan City Plant Planning Dept.,* 755 F.3d 594, 599 (7th Cir. 2014) (citation and internal quotation marks omitted). When the non-movant has the burden of proof, the moving party can satisfy its burden on summary judgment by "pointing out to the district court" that there is no evidence supporting the nonmovant's claim or defense. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Modrowski v. Pigatto,* 712 F.3d 1166, 1167 (7th Cir. 2013). "Upon such a showing, the nonmovant must then 'make a showing sufficient to establish the existence of an element essential to that party's case.'" *Id.* 712 F.3d at 1168 (quoting *Celotex,* 477 U.S. at 322).

In this civil rights action brought pursuant to the theory recognized in in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), defendant Dr. Wilson has filed a motion for summary judgment. That motion has been expanded to apply to a second defendant, Physician Assistant McDonald. Plaintiff Jermaine Greene has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the version of the facts offered and supported in the motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

On November 18, 2010, Greene notified medical staff at the Federal Correctional Institution in Terre Haute, Indiana ("FCI") that he was suffering from intense pain in his left tricep. The initial diagnosis was "left tricep tendon rupture" and Greene was given treatment appropriate to that condition.

The following day, after an X-ray was taken and read, it was determined that Greene's injury was a moderately displaced posterior fracture of the left humerus. Greene was placed in a splint, given medicine for pain, and given access to ice. An outside medical expert delayed Greene's examination from November 22, 2010 to November 24, 2010.

On November 24, 2010 Greene was seen by an outside consulting surgeon, Dr. Bavishi, for evaluation of the broken left humerus. Dr. Bavishi's evaluation was that the fractured bone was well enough aligned that no surgery was required at that time. Dr. Wilson acceded to this judgment. Dr. Bavishi recommended that Greene's left arm be placed in a distal third humeral

brace for 8-10 weeks to stabilize the fracture and that Greene receive regular follow-up examinations and X-rays to evaluate the healing progression of the fracture. This prescribed treatment was followed by prison medical staff. Thus, Greene received the brace, further X-rays, and refills of pain medication. On January 26, 2011, Greene's fracture was again evaluated by the orthopedic surgeon, who noted that the fracture was healing well and opined again that no surgery was warranted. The biggest concern was that Greene had failed to comply with recommendations that he discontinue use of the soft sling. This noncompliance had caused a contraction of the muscles in his left elbow, requiring physical therapy to improve his range of motion. The physical therapy was provided. As previously was the case, the medical assessment and recommended measures were made by an outside specialist.

This pattern continued. On February 10, 2011, Greene was seen by orthopedic specialist Dr. Ulrich, a colleague of Dr. Bavishi. Dr. Ulrich examined Greene's arm, found that use of the brace could be discontinued, and directed continued physical therapy to improve the range of motion of the left elbow. On March 10, 2011, Greene was released from physical therapy based on the range of motion which had been achieved. Greene reported to the prison sick call on April 7, 2011, reporting left arm pain. An X-ray was ordered to re-evaluate the previous fracture. That X-ray established a healed fracture of the distal humerus. Another X-ray was taken on April 28, 2011 and indicated that "callus formation with bridging ossification of the fracture." Such callus formation is part of the normal healing process of a fractured bone.

Greene left the FCI on May 11, 2011 for reasons unrelated to his medical care or needs. Throughout the Greene's remaining time in custody, evaluations of his left arm fracture did not reveal the need for any different or any remedial medical treatment.

## Discussion

To state a *Bivens* claim the plaintiff must allege a violation of the United States Constitution or a federal statute. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). Because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella,* 95 F.3d 586, 590 (7th Cir. 1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007). "Accordingly, a claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011). A medical condition need not be life threatening to qualify as "objectively serious"; it is enough "that a reasonable doctor or patient" would deem the condition "important and worthy of comment or treatment." *Hayes v. Snyder*, 546 F.3d 516, 523–24 (7th Cir. 2008) (quotation marks and citation omitted). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

As medical professionals, the defendants would have been deliberately indifferent if their treatment decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate" that they were not relying "on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982); *see Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008); *Collignon v. Milwaukee County*, 163 F.3d 982, 987–88 (7th Cir. 1998). Allegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can state an Eighth Amendment claim. *Arnett*, 658 F.3d at 753 (citing *Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001) (failure to respond to inmate's request for prescribed heart medication); *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999) (refusal to administer prescribed pain medication); *Jones v. Simek*, 193 F.3d 485, 490–91 (7th Cir. 1999) (failure to follow advice of specialists)). Together with the foregoing, a court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999).

The evidentiary record summarized above negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that any defendant was "subjectively aware of [Greene's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Greene's opinion otherwise does not support a claim of cruel and unusual punishment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001) («A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation.»). While the medical care Greene received "may not have been entirely to his satisfaction, the Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, nor does it (or could it) guarantee a

particular outcome or level of comfort in the face of physical maladies." *Gerald v. Ind. Dep't of Corr.,* 2009 WL 1795178, at *3 (S.D.Ind. June 23, 2009) (citations omitted). Greene offers no evidentiary basis on which to conclude that the defendants did not exercise reasonable professional judgment when assessing and treating his medical condition. On the contrary, the consistent theme is that Greene's diagnosis and treatment were dictated by outside orthopedic specialists; Dr. Wilson and supporting medical staff at the FCI implemented those recommendations, supplying pain medication, X-rays, splints, brace, and physical therapy. There is simply no basis for finding in such action "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate a complete abandonment of medical judgment." *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). Additionally, there can be no claim under the Eighth Amendment simply because medical procedures were unsuccessful or, if successful, were not fully effective in alleviating the effects of a condition. Because of this showing, the defendant individuals are entitled to the entry of judgment in their favor and against Greene. *Celotex Corp.*, 477 U.S. at 322-23 (explaining that when the moving party has met the standard of Rule 56, summary judgment is mandatory).

## Conclusion

Even construing the evidence in the light most favorable to Greene, the court concludes that no reasonable jury could find that the defendants acted with deliberate indifference to Greene's serious medical needs. No genuine issues of material fact remain, and the defendants are entitled to judgment as a matter of law. The motion for summary judgment [dkt 41] is **granted.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/16/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JERMAINE GREENE
2220 Federer Drive
Apt. #102
Knightdale, NC 27545

Electronically Registered Counsel